IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**FEDERAL HOME LOAN**
**MORTGAGE CORPORATION,**

           **Plaintiff,**

v.

**MATTHEW L. HISTON and**
**RENEE PETTIFORD,**

           **Defendants.**

1:17-cv-0644-WSD

## OPINION AND ORDER

This matter is before the Court on the Defendant Renee Pettiford's[1] ("Defendant") request for a temporary restraining order ("TRO"), contained in her Notice of Removal [1].[2]

---

[1] The Court notes that although Renee Pettiford is not listed as a Defendant on the Complaint, it appears that she is also an occupant of the property and intends to be the sole Defendant in this action. The Notice of Removal, Civil Cover Sheet, IFP Application, and the Amended Notice of Removal are signed only by Renee Pettiford. For simplicity, the Court refers to Renee Pettiford as the Defendant in this action.

[2] On February 24, 2017, Defendant filed an Amended Notice of Removal. The Amended Notice of Removal is nearly identical to the Original Notice of Removal, except that it adds a section entitled "Nature of Action." In light of Defendant's *pro se* status, the Court construes these documents together and as a whole.

**I.     BACKGROUND**

On January 5, 2017, Plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff") initiated a dispossessory proceeding ("Complaint") against Defendant in the Magistrate Court of DeKalb County, Georgia.[3]  (Notice of Removal [1.3] at 4).  The Complaint asserts that Defendant is a tenant at sufferance following a foreclosure sale and seeks possession of premises currently occupied by Defendant.

On February 21, 2017, Defendant, proceeding *pro se*, removed the DeKalb County action to this Court by filing her Notice of Removal and Application to Proceed *In Forma Pauperis* ("IFP Application").  Defendant claims in her Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Rule 60 of the Federal Rules of Civil Procedure, "having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6 [sic]," and the Due Process Clause of the Fourteenth Amendment.  (Notice of Removal at 1-2).  Defendant also seeks a TRO to enjoin the DeKalb County dispossessory action and eviction proceedings.

On February 24, 2017, Magistrate Judge John K. Larkins III granted Defendant's IFP Application and directed the Clerk of Court to submit this action

---

[3]     No. 16D00767.

to the Court for review of Defendant's request for a TRO that is contained in her Notice of Removal. (February 24, 2017, Order [2]).

The Court first considers whether it has subject matter jurisdiction over this action.

## II.    DISCUSSION

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory action which is based solely on state law.  No federal question is presented on the face of Plaintiff's Complaint.  That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Removal is not proper based on federal question jurisdiction.

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2).  The record also does not show that Plaintiff and Defendant are citizens of different states, and even if diversity does exist, Defendant fails to show that the amount in controversy exceeds $75,000.00.  The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied.  See, e.g., Novastar Mortg. Inc. v. Bennett, 173

F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002). The Complaint here seeks possession of premises currently possessed by Defendant. It is well-settled that "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Bennett, 173 F. Supp. 2d at 1361-1362; see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010). The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[4,5]

---

[4] Even if subject matter jurisdiction existed, the Court cannot provide Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding. To the extent Defendant seeks to have the Court find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so. Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

[5] The Court notes that Defendant, on her Civil Cover Sheet but not in her Notice of Removal, indicates that federal jurisdiction in this action is based on the parties' status as U.S. Government entities. Defendant has not alleged in her

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 7th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

Notice of Removal that she, or Plaintiff, is an officer or agency of the federal government and it appears instead that Plaintiff is a private company and Defendant is a private citizen.